UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23750-BLOOM/Otazo-Reyes

CORINNE OVIEDO,

    Plaintiff,

v.

KRISTIAN RAMIREZ, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION FOR THIRD EXTENSION OF TIME

**THIS CAUSE** is before the Court upon Plaintiff's Corinne Oviedo ("Plaintiff") Unopposed Motion for Third Extension of Time to Effectuate Service of Process upon Defendant Kristian Ramirez ("Defendant"), ECF No. [49] ("Motion") filed on March 24, 2022. Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint to be perfected upon defendants within 90 days after the filing of the complaint.

Plaintiff filed this action on October 23, 2021, *see* ECF No. [1], generating a January 21, 2022, service deadline. On January 24, 2022, the Court granted in part Plaintiff's First Motion for Extension of Time to effect service of process upon Defendant,[1] which extended the service deadline to February 22, 2022. ECF No. [31]. On February 23, 2022, the Court granted Plaintiff's Second Motion for Extension of Time to effect service upon Defendant, which extended the service deadline to March 24, 2022. ECF No. [41].

In the instant Motion, Plaintiff seeks a third extension of time to effect service of process upon Defendant. ECF No. [49]. In the Motion, Plaintiff fails to indicate *any* attempts made to serve

---

[1] Plaintiff's motion requested an extension to serve Defendants Kristian Ramirez, Michael G. Rodriguez a/k/a Mikey El Romantico, the La Lirica Publishing, LLC, and La Lirica Management, LLC.

process upon Defendant since the Court granted the Plaintiff's Second Motion for Extension of Time on February 23, 2022. Plaintiff only reiterates the same statements made in her previous motions for extension of time. *See* ECF No. [49] at 2-3

The Court has the authority to extend the service deadline upon a showing of good cause by plaintiff for its inability to serve the defendant within the service deadline. *See* Fed. R. Civ. P. 4(m). Rule 4(m) of the Federal Rules of Civil Procedure states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). As of the date of this Order, it has been 158 days since Plaintiff filed the Complaint, and Plaintiff has not demonstrated good cause that would warrant a third extension of time to serve Defendant.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [49]**, is **DENIED**.
2. Defendant Kristian Ramirez is **DISMISSED WITHOUT PREJUDICE** from this action due to Plaintiff's failure to timely serve.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 29, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Case No. 21-cv-23750-BLOOM/Otazo-Reyes

Copies to:

Counsel of Record