UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23750-BLOOM/Otazo-Reyes

CORINNE OVIEDO,

    Plaintiff,

v.

KRISTIAN RAMIREZ, *et al.*,

    Defendants.
_____/

## OMNIBUS ORDER ON MOTION TO DISMISS, MOTION FOR RECONSIDERATION, AND MOTION TO STAY DISCOVERY

**THIS CAUSE** is before the Court upon Moving Defendants'[1] Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. [21] ("Motion to Dismiss"); Moving Defendants' Motion for Leave to Respond, *Nunc Pro Tunc*, to Plaintiff's Motion to Strike Declarations, ECF No. [48] ("Motion for Reconsideration"); and Moving Defendants' Cross-Motion to Stay Discovery, ECF No. [52] ("Motion to Stay").

Plaintiff Corinne Oviedo ("Plaintiff") filed a Response in Opposition to the Motion to Dismiss, ECF No. [32], to which Moving Defendants filed a Reply, ECF No. [37]. Plaintiff filed a Response in Opposition to the Motion for Reconsideration, ECF No. [50], to which Moving Defendants filed a Reply, ECF No. [55]. Plaintiff filed a Response in Opposition to the Motion to Stay, ECF No. [58], to which Moving Defendants filed a Reply. ECF No. [60]. The Court has carefully reviewed each Motion, the opposing and supporting materials, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion to

---

[1] Defendants Sunflower Entertainment Co., Inc. ("Sunflower"), Orchard Enterprises NY, Inc., and The Orchard Enterprises, Inc. (collectively "Orchard") are collectively referred to as "Moving Defendants."

Dismiss, ECF No. [21], is granted; the Motion for Reconsideration, ECF No. [48], is denied as moot; and the Motion to Stay, ECF No. [52], is denied as moot.

## I. BACKGROUND

Plaintiff initiated this copyright infringement action against Defendants Kristian Ramirez;[2] Michael G. Rodriguez a/k/a Mikey El Romantico ("Rodriguez"); Sunflower; Orchard; La Lirica Publishing, LLC;[3] La Lirica Management, LLC. (collectively, "Defendants"). ECF No. [1] ("Complaint"). Plaintiff asserts direct copyright infringement ("Count I") against all Defendants and vicarious copyright infringement ("Count 2") against Sunflower, Orchard, La Lirica Publishing, LLC, and La Lirica Management, LLC. *See generally id.* The Complaint alleges that Plaintiff "is an individual residing in Georgia." *Id.* at ¶ 2. Further, it alleges that Sunflower and the Orchard Enterprises NY, Inc. are New York corporations with a principal place of business located at 254 E 54th Street, 13th Floor, New York, New York. *Id.* at ¶ 5, 6. The Complaint alleges that The Orchard Enterprises, Inc. is a Delaware corporation with a principal place of business located at 23 East 4th Street, 3rd Floor, New York, New York. *Id.* at ¶ 7.

According to the Complaint, Plaintiff created the music and lyrics to the song, titled "ES MI NINA . . . MI PRINCESA" ("Copyrighted Work") on or about January 2001. *Id.* ¶ 15. Plaintiff applied to register the Copyrighted Work and obtained a copyright (Registration Number Pau2-606-557) with an effective date of July 30, 2001. *Id.* ¶ 16. In the early 2000s, Plaintiff provided musical instruction and vocal training to Ramirez using her Copyrighted Work. *Id.* ¶¶ 16, 17. In 2021, Plaintiff learned that Ramirez copied and performed exact copies of the Copyrighted Work

---

[2] On March 29, 2022, Kristian Ramirez was dismissed from this action due to Plaintiff's failure to timely serve him. ECF No. [53].

[3] On February 22, 2022, Plaintiff filed a Notice of Voluntary Dismissal which dismissed La Lirica Publishing, LLC and La Lirica Management, LLC from this action. ECF No. [40].

on YouTube. *Id.* ¶ 19. Plaintiff identified six YouTube videos in which Ramirez performed the music and lyrics contained in the Copyrighted Work. *Id.* ¶ 20.

On October 11, 2021, Plaintiff, through counsel, sent Ramirez, Sunflower, and Orchard Enterprises NY, Inc. a demand letter. *Id.* ¶ 22. On October 14, 2021, Plaintiff, through counsel, sent the registered Copyright Agent for YouTube a formal DMCA notice. *Id.* ¶ 23. On the same day, YouTube sent an auto-reply message in response to the DMCA notice, stating that "[b]ased on our automated classification logic, it appears to our systems that your issue is likely a general help inquiry." *Id.* ¶ 24. Plaintiff resubmitted the formal DMCA notice to YouTube. *Id.* On October 15, 2021, YouTube informed Plaintiff that it could not remove all the URLs for which she submitted a DMCA notice. *Id.* ¶ 25. YouTube removed the content of five of the six URLs at issue but failed to remove the video found at https://www.youtube.com/watch?v=rvE7kL39YUw, referred to as the "Mikey El Romantico Version." *Id.* ¶ 26. YouTube stated that the Mikey El Romantico Version was provided to it under license by a YouTube partner for use by YouTube as an Art Track. *Id.* ¶ 27. Plaintiff's counsel initially believed that Mikey El Romantico was the alias of Ramirez. *Id.* ¶ 31. However, Mikey El Romantico is the alias for Rodriguez, a different performer. *Id.* ¶ 32. On October 20, 2021, Plaintiff resubmitted the DMCA notice to YouTube. *Id.* ¶ 33.

According to the Complaint, the licensor listed in connection with the Mikey El Romantico Version is The Orchard Enterprises, Inc. *Id.* ¶ 28. Plaintiff alleges that The Orchard Enterprises, Inc. and Orchard Enterprises NY, Inc. are related entities with the same principal place of business. *Id.* ¶ 29. The Complaint further identifies La Lirica Publishing, LLC as the Music Publisher in connection with the Mikey El Romantico Version. *Id.* ¶ 30.

Moving Defendants now seek dismissal of the Complaint under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. *See generally* ECF No. [21]. Specifically, Moving Defendants

3

maintain that they are not subject to general or specific jurisdiction in Florida and exercising personal jurisdiction over them does not comport with the Due Process Clause of the Fourteenth Amendment to the United States Constitution. In her Response, Plaintiff avers that she has alleged specific jurisdiction over Moving Defendants and does not address the general jurisdiction arguments. *See* ECF No. [32] at 2. Plaintiff contends that she has alleged sufficient facts to establish that this Court has personal jurisdiction over Moving Defendants and that Moving Defendants' failure to submit evidence to support their Motion to Dismiss is fatal. *Id.* Plaintiff attaches two Declarations as exhibits ("Plaintiff's Declarations"). ECF No. [32]. Moving Defendants' Reply attaches three Declarations as exhibits ("Moving Defendants' Declarations"). ECF No. [37].

Plaintiff previously filed a Motion to Strike Moving Defendants' Declarations on the basis that Plaintiff was prejudiced by the Declarations. ECF No. [46]. The Court granted Plaintiff's Motion to Strike ("Order Striking"), ECF No. [47], determining that it would not consider new evidence and/or arguments raised for the first time in Moving Defendants' Reply to the Motion to Dismiss. Shortly thereafter, Moving Defendants filed their Motion for Leave to Respond, *Nunc Pro Tunc*, to Plaintiff's Motion to Strike Declarations, ECF No. [48], asking this Court to either strike Plaintiff's Declarations or to reconsider allowing Moving Defendants' Declarations to stand with their Motion to Dismiss. ECF No. [48] at 2. As such, the Court treats Moving Defendants' Motion for Leave to Respond, *Nunc Pro Tunc*, to Plaintiff's Motion to Strike Declarations, ECF No. [48], as a motion for reconsideration of the Court's Order Striking.

Lastly, Plaintiff filed a Motion for Leave to Reschedule Mediation ("Motion to Reschedule") citing several reasons why mediation would be more effective at a later time. *See generally* ECF No. [51]. Rodriguez consented to the relief sought but Moving Defendants opposed rescheduling mediation absent a stay of discovery. ECF No. [51] at 3. Along with their Response

opposing the Motion to Reschedule, Moving Defendants asserted a Cross-Motion to Stay Discovery (referred to throughout this Order as the Motion to Stay) pending the Court's decision on the Motion to Dismiss. ECF No. [52]. While the Court has already granted the Motion to Reschedule, *see* ECF No. [54], the Motion to Stay remains pending.

## II. LEGAL STANDARD

### A. Personal Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(2), a party may move for dismissal based on a lack of personal jurisdiction. When a district court does not conduct a discretionary evidentiary hearing on a motion to dismiss for lack of jurisdiction, "[a] plaintiff seeking to establish personal jurisdiction over a nonresident defendant 'bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009)). "Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings." *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1388 (S.D. Fla. 2014), *aff'd sub nom. Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015); *see also Internet Sols. Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009).

"Where . . . the Defendant submits affidavit(s) to the contrary, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002); *see also Internet Sols. Corp.*, 557 F.3d at 1295; *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 855 (11th Cir. 1990). If the defendant makes a sufficient showing of the inapplicability of the long-arm statute, "the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or

5

other competent proof, and not merely reiterate the factual allegations in the complaint." *Polskie Linie Oceaniczne v. Seasafe Transp. A/S*, 795 F.2d 968, 972 (11th Cir. 1986). Conclusory statements, "although presented in the form of factual declarations, are in substance legal conclusions that do not trigger a duty for Plaintiffs to respond with evidence of their own supporting jurisdiction." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1215 (11th Cir. 1999).

In addressing whether personal jurisdiction over a nonresident defendant exists, "[t]he district court must accept the facts alleged in the complaint as true, to the extent they are uncontroverted by the defendant's affidavits." *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)). While the Court is required to accept all of the allegations contained in the complaint as true, this tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has directed that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### B. Reconsideration of the Court's Order

A motion for reconsideration requests that the Court grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)) (per curiam).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to

correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)) (internal quotation marks omitted).

### III. DISCUSSION

#### A. Motion to Dismiss

The Motion to Dismiss involves an attack on the allegations in the Complaint of personal jurisdiction (both general and specific jurisdiction). *See generally* ECF No. [21]. A court must conduct a two-part inquiry when deciding the issue of personal jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623 (11th Cir. 1996). First, the court must determine whether the applicable state statute governing personal jurisdiction is satisfied. *Id.* at 626. Florida's long-arm statute recognizes two kinds of personal jurisdiction over a nonresident defendant: general jurisdiction and specific jurisdiction. *See* Fla. Stat. §§ 48.193(1)-(2); *see also easyGroup Ltd. v. Skyscanner, Inc.*, No. 20-20062-CIV, 2020 WL 5500695, at *6 (S.D. Fla. Sept. 11, 2020). The Eleventh Circuit has held that the reach of Florida's long-arm statute is a question of state law and that federal courts must adhere to the statutory constructions offered by the Florida Supreme Court and Florida's District Courts of Appeal. *See Louis Vuitton*, 736 F.3d at 1352. If the requirements of the long-arm statute are satisfied, under either general jurisdiction or specific jurisdiction, then the court must also consider the federal Due Process Clause. *See Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250-51 (11th Cir. 2000).

As noted, although Moving Defendants argue that Plaintiff fails to establish general jurisdiction, *see* ECF No. [21] at 10-11, 13-14), Plaintiff did not address Moving Defendants' general jurisdiction arguments in her Response. ECF No. [32] at 2. In their Reply, Moving Defendants point out Plaintiff's concession of general jurisdiction and contend that Plaintiff has failed to allege sufficient facts to establish specific jurisdiction over Moving Defendants. ECF No. [37] at 5. Plaintiff contends that the Complaint's allegations track the language of the long-arm statute sufficient to establish that this Court has specific jurisdiction over Moving Defendants. ECF No. [32] at 4. Based upon Plaintiff's contention that this Court has *specific* jurisdiction over Moving Defendants, the Court need not analyze whether it has *general* jurisdiction over Moving Defendants.

### 1. *Specific Jurisdiction under Florida's Long-Arm Statute*

Moving Defendants seek dismissal of the Complaint for Plaintiff's failure to establish that the Court has specific jurisdiction over Moving Defendants. ECF Nos. [21] at 12-13, [37] at 5. Moving Defendants did not submit any affidavits or declarations in support of their Motion to Dismiss. *See generally* ECF No. [21]. In order for Moving Defendants to have properly challenged the merits of personal jurisdiction, they must have attached affidavits, documents, or testimony to their Motion to Dismiss, not to their Reply brief. *See Internet Sols. Corp.*, 557 F.3d 1293, 1295 (11th Cir. 2009) (finding that plaintiff bears the burden of making out a prima facie case for personal jurisdiction and that then defendant must raise through affidavits, documents, or testimony, a challenge as to the merits of personal jurisdiction); *see also Carmouche.*, 36 F. Supp. 3d at 1388 ("Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction, the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings."). As such, the Court views Moving Defendants' Motion to Dismiss as one arguing that Plaintiff has failed to make a prima facie case of personal jurisdiction.

8

Accordingly, the Court's analysis focuses on whether Plaintiff has met her "the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction.'" *Louis Vuitton*, 736 F.3d at 1350.

Plaintiff responds that Florida's long-arm statute on specific jurisdiction applies to confer personal jurisdiction on Moving Defendants and that she has met her burden of establishing a prima facie case of personal jurisdiction. ECF No. [32] at 3-12 (citing Fla. Stat. §§ 48.193(1)(a)(1)-(2)). Florida's long-arm statute states, in relevant part:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within this state.

Fla. Stat. §§ 48.193(1)(a)(1)-(2). The Eleventh Circuit has held that the reach of Florida's long-arm statute is a question of state law, and federal courts must adhere to the statutory constructions offered by the Florida Supreme Court and Florida's District Courts of Appeal. *See Louis Vuitton*, 736 F.3d at 1352.

Specifically, Plaintiff argues that the allegations in the Complaint are sufficient to establish a prima facie case of jurisdiction because they track the language of the Florida long-arm statute. ECF No. [32] at 4. For this contention, Plaintiff relies on *Ultra-Images, LLC v. Am. Entertainers, LLC.*, which the Court finds unpersuasive. No. 05-61236-CIV, 2006 WL 8432327 (S.D. Fla. June 30, 2006). In *Ultra-Images, LLC,* the plaintiff alleged that the Court had personal jurisdiction over defendants because they had "committed a tort within the state of Florida." *Id.* at *3. In analyzing whether plaintiff had established a prima facie case of personal jurisdiction, the court noted that "the proper inquiry is to first determine whether Plaintiff states a prima facie case either by tracking the language of the statute or by alleging facts within the ambit of the same." *Id.* at *3 (citing

*Washington Capital Corp. v. Milandco, Ltd., Inc.*, 695 So. 2d 838, 841 (Fla. 4 DCA 1997). The court held that while the plaintiff's allegations did not track the language of Fla. Stat. § 48.193(1)(a)(2), plaintiff had sufficiently made a prima facie showing of personal jurisdiction by setting forth facts that fell within that statutory section. *Id.* at *3. In finding such, the Court looked beyond whether the plaintiff tracked the language of the statute and considered whether the facts alleged comported with the Eleventh Circuit's construction of section 48.193(1)(b) requiring that the tortious act alleged caused an injury in Florida. *Id.* (quoting authority omitted).

In setting forth the standard permitting the tracking of the long-arm statute to establish a prima facie case of jurisdiction, the Court in *Ultra-Images, LLC* relied on *Wash. Capital Corp*. *See Ultra-Images, LLC*, 2006 WL 8432327, at *3; *Wash. Capital Corp.*, 695 So. 2d at 841. However, *Wash. Capital Corp* set forth a standard concerning the sufficiency of allegations for the basis for service of process, not personal jurisdiction. 695 So. 2d at 841 ("The plaintiff may allege the basis for service either by utilizing the language of the statute without pleading supporting facts, *see* Fla. R. Civ. P. 1.070(i); *Venetian Salami*, 554 So.2d at 502, or by alleging specific facts demonstrating that the defendant's actions fit within one or more of the subsections of section 48.193, Florida's long-arm statute."). Notably, the Court in *Wash. Capital Corp.* relied upon the decision in *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989) for that standard. *See Washington Cap. Corp*, 695 So. 2d at 841.[4] Unlike the facts of this instant case and those of *Ultra-Images, LLC*, the Florida Supreme Court in *Venetian Salami Co.* was considering whether to quash service of process for lack of personal jurisdiction. 554 So. 2d at 500. Service of process is not relevant in the Court's analysis of the facts of this case. Even so, the court in *Venetian Salami Co*. made clear that:

---

[4] Ultimately, the Court in *Wash. Capital Corp*., just like in *Ultra-Images, LLC,* went beyond the tracking of the statute and looked to whether the jurisdictional facts comported with this Circuit's case law. *Wash. Capital Corp.*, 695 So. 2d at 841-43.

10

Case 1:21-cv-23750-BB   Document 61   Entered on FLSD Docket 05/24/2022   Page 11 of 19

Case No. 21-cv-23750-BLOOM/Otazo-Reyes

> in determining whether long-arm jurisdiction is appropriate in a given case, two inquiries must be made. **First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute;** and if it does, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements.

*Id.* (quoting authority omitted) (emphasis added).

Accordingly, this Court finds that in light of the standard set forth by the Eleventh Circuit in *Carmouche* which requires Plaintiff to plead sufficient material facts to form a basis for *in personam* jurisdiction, 36 F. Supp. 3d at 1338, *Ultra-Images, LLC* is unpersuasive and inapposite to the facts of this case. The Court now turns to consider the sufficiency of the material facts alleged in the Complaint. *Id.* As discussed below, Plaintiff has failed to make a prima facie showing of personal jurisdiction based upon the Defendants conducting business in Florida, under Fla. Stat. § 48.193(1)(a)(1), and upon the Defendant's commission of a tortious act in Florida, under Fla. Stat. § 48.193(1)(a)(2).

### a.  Fla. Stat. § 48.193(1)(a)(1) – Conducting Business in Florida

Plaintiff has not plead sufficient material facts to make out a prima facie case of personal jurisdiction under Fla. Stat. § 48.193(1)(a)(1). Plaintiff argues that the allegations in the Complaint sufficiently track the language of the Florida long arm statute to "fit within one of more subsections of the Florida long-arm statute." ECF No. [32] at 7. Moving Defendants argue that Plaintiff cannot establish specific jurisdiction based on their alleged business activities in Florida because their business activities did not give rise to the cause of action. ECF No. [37] at 7. As noted above, tracking the language Fla. Stat. § 48.193(1)(a)(1) is not sufficient to establish prima facie case of personal jurisdiction. Plaintiff must allege sufficient material facts to establish *in personam* jurisdiction. *Carmouche*, 36 F. Supp. 3d at 1338.

Plaintiff failed to allege that the cause of action, namely copyright infringement, ***arose out of*** Moving Defendants conducting business in Florida. The plain language of Fla. Stat.

§ 48.193(1)(a)(1) requires that any cause of action arise from operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state. Here, the Complaint states that "[t]his Court has personal jurisdiction over the Defendants, because they have, *inter alia*, conducted business in the Southern District of Florida, and because they are liable for copyright infringement, an intentional tort, which has been committed within this District." ECF No. [1] at ¶ 10. The Complaint does not contain any additional allegations that describe the business Moving Defendants conducted in Florida or whether the cause of cause of action ***arose from*** Moving Defendants conducting business in Florida. *See generally* ECF No. [1]. Plaintiff argues in her Response that Orchard's website states that Orchard has an office in Florida. ECF No. [32] at 10. Plaintiff further points out that Sunflower's website states that it transacts business with several Florida-based companies. *Id.* at 11. Even accepting those facts as true, Plaintiff fails to allege that cause of action ***arose out of*** Sunflower's business transactions with the Florida-based companies, or that the cause of action arose out of Orchard's office in Florida. As such, the Court finds that Plaintiff has not alleged sufficient material facts to form a basis for *in personam* jurisdiction under § 48.193(1)(a)(1) of Florida's long-arm statute.

### b.   *Fla. Stat. § 48.193(1)(a)(2) – Committing a Tortious Act in Florida*

Further, Plaintiff has not plead sufficient material facts to make out a prima facie case of personal jurisdiction under Fla. Stat. § 48.193(1)(a)(2). Moving Defendants argue that there is no personal jurisdiction because they are nonresident defendants, and the alleged infringing activities were committed outside of Florida. ECF Nos. [21] at 2; [37] at 2; [37-2] at ¶ 6. Further, Moving Defendants argue that Plaintiff did not suffer an injury in Florida. ECF No. [21] at 7-8. Moving Defendants reason that because Plaintiff alleged in the Complaint that she is a current citizen of Georgia she did not suffer harm in Florida. Rather, any harm suffered by Plaintiff occurred in Georgia. *Id.* Plaintiff nevertheless contends that accessibility of the Copyrighted Work in Florida

is enough to meet the "tortious act" provision of the long-arm statute and the courts did not narrow the statute to mean that a person commits a tortious act "within this state" only if the person commits a tortious act against a current resident of this state. ECF No. [32] at 7-8. Yet, Plaintiff asks the Court to infer that she was a resident of Florida at the time the injury occurred, and that the accessibility of the Copyrighted Work via YouTube in Florida confers personal jurisdiction over Moving Defendants in this case under Fla. Stat. § 48.193(a)(2). ECF No. [32] at 8-10.

The Eleventh Circuit has "held that § 48.193(b) of the Florida long-arm statute permits jurisdiction over the nonresident defendant who commits a tort outside of the state that causes injury inside the state." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008); *see also Posner*, 178 F.3d at 1217 (holding that the Eleventh Circuit's "firmly established precedent . . . interprets subsection [48.193(1)(a)(2)] to apply to defendants committing tortious acts outside the state that cause injury in Florida"). It is well established that "[c]opyright infringement is a tortious act[.]" *Roof & Rack Prod., Inc. v. GYB Invs., LLC*, No. 13-80575-CV, 2014 WL 3116413, at *2 (S.D. Fla. July 8, 2014). Infringement on a website causes injury in Florida to a plaintiff in Florida "by virtue of the website's accessibility in Florida." *Licciardello*, 544 F.3d at 1283-84 (finding that "although the website was created in Tennessee, the Florida long-arm statute is satisfied if the alleged trademark infringement on the website caused injury in Florida"). In *Louis Vuitton*, the creation of websites that offered to sell infringing products accessible to Florida residents was one of several alleged tortious acts that ultimately caused injury in Florida under § 48.193(1)(a)(2). *See* 736 F.3d at 1354.

Plaintiff relies on *Licciardello* and *Louis Vuitton* to support her arguments that accessibility of the Copyrighted Work in Florida *alone* is sufficient to meet the requirements of the long-arm statute. In *Licciardello*, the defendant who was the singer-plaintiff's former manager created a website in Tennessee that utilized the plaintiff's "trademarked name and his picture, implying that

13

[h]e endorsed Lovelady's skill as a personal manager." 544 F.3d at 1282. The Eleventh Circuit noted that even if a website is not created in Florida, the long-arm statute is satisfied if the alleged trademark infringement causes an injury in Florida. *Id*. at 1283. In reversing the district court's finding that it lacked personal jurisdiction, the Eleventh Circuit reasoned that the allegedly infringing website in *Licciardello* caused injury within Florida "by virtue of the website's accessibility in Florida," but importantly, the plaintiff as the owner of the trademark resided in Florida. *Id*. at 1282-83. As such, the injury of the infringement occurred in Florida by virtue of the plaintiff's residence in Florida ***plus*** the accessibility of the website in Florida.

Similarly, the Eleventh Circuit in *Louis Vuitton* did not hold that accessibility of a website *alone* is sufficient to satisfy the long-arm statute. In *Louis Vuitton*, through the use of websites, a defendant "sold counterfeit and trademark infringing luggage, belts, handbags, and wallets to consumers in the Southern District of Florida." *Louis Vuitton*, 736 F.3d at 1343. The Court found that the creation of websites that offered to sell infringing products accessible to Florida residents was only one of several tortious acts alleged in *Louis Vuitton* that ultimately caused injury in Florida. *Id.* at 1352-54. Notably, the Eleventh Circuit in *Louis Vuitton* did not rely exclusively on the accessibility of the websites to support its finding of personal jurisdiction, as the plaintiff had alleged and demonstrated additional tortious activities within Florida involving the websites, including the actual sale of infringing products to Florida customers. *Id*. at 1354. The Court also specifically noted that "[a]lthough Lovelady lived and created the website containing the infringing mark in Tennessee, the owner of the mark (plaintiff Licciardello) resided in Florida." *Id*. at 1354.

Accordingly, the Court now analyzes whether Plaintiff has alleged sufficient facts to establish that she was a resident of Florida at the time the Moving Defendants committed the tortious activities, or that additional tortious acts occurred in Florida (in addition to the accessibility

14

of the Copyrighted Work in Florida). *See Licciardello*, 544 F.3d at 1283-84; *Louis Vuitton*, 736 F.3d at 1354.

### *i. Plaintiff's Residency*

The Court finds that it cannot exercise personal jurisdiction over Moving Defendants under *Licciardello* because Plaintiff has failed to allege in her Complaint that she was a resident of Florida at the time the tortious conduct occurred, as Moving Defendants correctly argue. ECF No. [21] at 8. Plaintiff concedes in her Response to the Motion to Dismiss that she did not explicitly allege in the Complaint that she resided in Florida during the acts of infringement. ECF No. [32] at 10. Instead, she asks the Court to make a reasonable inference that Plaintiff lived in Florida during the time that the initial acts of infringement occurred. *Id.*

The relevant inquiry regarding Plaintiff's residency is where Plaintiff resided at the time Moving Defendants allegedly allowed third parties to play an infringing copy of the Copyrighted Work. While the Complaint identifies the tortious acts as "offered for sale, performed and allowed third parties to play an infringing copy of the Original Work,"[5] the Complaint does not allege that Moving Defendants committed all of the alleged tortious activities. Rather, the allegations regarding Moving Defendant's conduct concern only the licensing and publishing of the Mikey El Romantico Version. ECF No. [1] ¶¶ 27, 28, 30. Specifically, the Complaint alleges that YouTube stated that the Mikey El Romantico Version was provided to it under license by a YouTube partner for use by YouTube as an Art Track. *Id.* ¶ 27. Next, the licensor listed in connection with the

---

[5] Here, the Complaint contains the following "tortious acts" allegation: "[t]his Court has personal jurisdiction over the Defendants . . . because they are liable for copyright infringement, an intentional tort, which has been committed within this District." ECF No. [1] at ¶ 10. It further alleges that "[b]eginning on a date unknown and continuing to the present, the Defendants have, *inter alia*, sold, offered for sale, performed and allowed third parties to play an infringing copy of the Original Work, and such infringing activity has also occurred in the South Florida area." *Id.* at ¶ 36. The Court will not consider the allegation of performance because it relates to Rodriguez and Ramirez who are not the Defendants moving to dismiss this action.

Mikey El Romantico Version is The Orchard Enterprises, Inc.. *Id.* ¶ 28. Further, the Complaint identifies La Lirica Publishing, LLC as the Music Publisher in connection with the Mikey El Romantico Version. *Id.* ¶ 30. Those acts only support the allegation that Moving Defendants "allowed third parties," namely YouTube, to play an infringing Copy of the Copyrighted Work. As such, Plaintiff relies on the accessibility of the Copyrighted Work in Florida (via YouTube) for this Court to find specific jurisdiction over Moving Defendants. But as made clear by *Licciardello*, the injury of infringement is found to have occurred in Florida when the infringing work is accessible on a website in Florida and the owner of the protected work resides in Florida. 544 F.3d at 1283-84. For this Court to hold that there is specific jurisdiction under *Licciardello*, Plaintiff must have been a resident of Florida at the time the Copyrighted Work was accessible on YouTube.

The facts alleged by Plaintiff do not support an inference that she was a resident of Florida at the time the tortious acts occurred. Plaintiff did not allege Florida residency anywhere in the Complaint. *See generally* ECF No. [1]. Rather, the Complaint alleges Plaintiff is a current resident of Georgia. *Id.* at ¶ 2. The Complaint is devoid of any allegations of Plaintiff's residency at the time the Copyrighted Work was accessible on YouTube. The Complaint fails to allege the date that Plaintiff became a resident of Georgia, the dates that Plaintiff resided in Florida, or the dates that the Copyrighted Work was accessible on YouTube. Moreover, the Complaint states that the infringing activity began "on a date unknown and continuing to the present". *Id.* at ¶ 36. As such, the Court cannot discern from the Complaint's allegations when the tortious acts occurred. Nor can the Court draw any inferences to support that Plaintiff was a resident of Florida, as Plaintiff requests.[6] Because Plaintiff has failed to allege sufficient material facts to support her residence in

---

[6] Plaintiff also asked that the Court consider her Declaration to support an inference that she was a resident of Florida when the initial acts of infringement occurred. The Declaration states that in the early 2000s, Ramirez approached Plaintiff for musical instruction and vocal training, and he became her student. ECF No [32-1] ¶ 4. It further alleges that at that same time, Plaintiff lived in Florida and operated under the entity, Corino Music Productions Corp., a Florida Corporation. *Id.* ¶ 5. It also alleges that she trained

16

Florida at the time the Copyrighted Work was accessible on YouTube, and accessibility of the Copyrighted Work in Florida is not enough, the Court cannot find specific jurisdiction under *Licciardello*.

### *ii. Additional Tortious Acts*

Further, the Court finds that it cannot exercise personal jurisdiction over Moving Defendants under *Louis Vuitton* because Plaintiff has failed to establish that additional tortious activities occurred in Florida, aside from accessibility of the Copyrighted Work in Florida,. As discussed in the previous subsection, Plaintiff has alleged that Moving Defendants allowed the Copyrighted Work to be played by third parties, namely YouTube. But those allegations only amount to *accessibility* of the infringing work on YouTube in Florida. Accessibility is only one part of the requirements for a finding of specific jurisdiction under *Louis Vuitton*. 736 F.3d at 1354. To find specific jurisdiction under *Louis Vuitton,* the allegations in the Complaint must also establish additional tortious activities occurred in Florida ***in addition to*** the accessibility of the Copyrighted Work in Florida. *Id.* ("[T]his case involves other tortious acts within Florida.").

Here, in contrast to the facts in *Louis Vuitton*, Plaintiff relies solely on the accessibility of the Copyrighted Work in Florida. The Complaint is devoid of any factual allegations to support Plaintiff's legal conclusions that Moving Defendants sold or offered for sale an infringing copy of the Copyrighted Work. *See generally* ECF No. [1]. The Court is not bound to accept the bare allegations contained in paragraph 36 of the Complaint that Moving Defendants sold or offered for sale of an infringing copy of the Copyrighted Work, because they are legal conclusions couched

---

Ramirez in Florida, which is when he became aware of the Copyrighted Work. *Id.* ¶ 6. The Court notes that the allegations in her Declaration support Plaintiff's residency in Florida ***in connection with Ramirez's tortious acts***, not the Moving Defendant's tortious acts. The Moving Defendant's tortious acts involve the accessibility of the Copyrighted Work on YouTube. As such, even if the Court were to consider Plaintiff's Declaration, it cannot find that Plaintiff was a resident of Florida at the time the Copyrighted Work was accessible on YouTube in Florida.

as factual allegations. *See Iqbal*, 556 at 679 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). Unlike the allegations of infringing goods being sold through the websites at issue in *Louis Vuitton*, there are no factual allegations in Plaintiff's Complaint to support a finding that the Copyrighted Work was being sold, or was being offered for sale, to consumers in Florida (or anywhere) via YouTube. Without any factual allegations that there was a sale or offering for sale of the Copyrighted Work to consumers in Florida, Plaintiff fails to allege the "additional tortious activities" requirement under *Louis Vuitton*. 736 F.3d at 1354.

The Court finds that Plaintiff has not alleged sufficient facts to form a basis for *in personam* jurisdiction under § 48.193(1)(a)(2) of Florida's long-arm statute. Because Plaintiff fails to satisfy the requirements under both prongs of Florida's long-arm statute, the Court does not have occasion to consider whether the exercise of jurisdiction in this case satisfies the Due Process Clause.[7]

### 2. *Leave to Amend*

The Court now considers whether Plaintiff should be granted leave to amend her Complaint. District courts may grant leave to amend the complaint if the amendment would not be futile. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). If Plaintiff can, in good faith, properly allege her claims in keeping with this Order, Plaintiff will be permitted to do so. Accordingly, the Court dismisses Plaintiff's claims against Moving Defendants without prejudice.

---

[7] "Once a court has determined that the exercise of personal jurisdiction over an out-of-state defendant is appropriate under the forum state's long-arm statute, the court must then examine whether the exercise of personal jurisdiction over the defendant would violate the Due Process Clause." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *see also PVC Windoors, Inc.*, 598 F.3d at 807-808 ("[F]ederal courts are duty bound to avoid a constitutional question if answering the question is unnecessary to the adjudication of the claims at hand").

### B. Motion for Reconsideration

The Court denies the Motion for Reconsideration as moot because Plaintiff has failed to make a prima facie showing of personal jurisdiction. Accordingly, the burden did not shift to Moving Defendants to produce evidence to challenge personal jurisdiction. *See Internet Sols. Corp.*, 557 at 1295. In turn, the Court does not need to reconsider its Order Striking.

### C. Motion to Stay

As a final matter, the Court addresses the Motion to Stay, ECF No. [52]. Moving Defendants requested that the Court stay discovery until a decision was issued on their Motion to Dismiss. *Id.* Plaintiff opposes the relief sought. ECF No. [60]. Because this Order provides a ruling on the Motion to Dismiss, the Motion to Stay is denied as moot.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Dismiss, **ECF No. [21]**, is **GRANTED.**
2. Plaintiff's claims against Moving Defendants are **DISMISSED** without prejudice.
3. Plaintiff may file an Amended Complaint by no later than **June 3, 2022.**
4. The Motion for Reconsideration, **ECF No. [48]**, is **DENIED** as moot.
5. The Motion to Stay, **ECF No. [52]**, is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 23, 2022.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record